[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2009
THOMAS K. KAHN
CLERK

Agency No. A079-471-130

STEPHANIE CASTANEDA,
a.k.a. Stephanie Castaneda Herrera,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 23, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Stephanie Castaneda petitions this court for review of the Board of

Immigration Appeals' (BIA) denial of her motion to reopen asylum proceedings.

## I. Facts

Petitioner and her brother, Diego Castaneda ("Diego"), both natives and citizens of Columbia, were admitted into the United States in December 1998 as visitors for pleasure. The following month, their mother, Alexandra Herrera ("Herrera"), was also admitted. In December 2000, Herrera changed her status to nonimmigrant student, with Petitioner and Diego's statuses changed to dependants of a nonimmigrant student. In April 2001, Herrera completed her studies, and thus her status as a student ended. In May 2001, Herrera filed an application for asylum with Immigration and Naturalization Services ("INS"), with her children included as derivative beneficiaries. In September 2001, Petitioner was issued a Notice to Appear, charging her with removeability under 8 U.S.C. § 1227(a)(1)(C)(i),[1] for failing to comply with the terms of her nonimmigrant status once her mother's student status ended.

Petitioner's removal proceeding was treated as a companion case to that of the lead respondent, Herrera. The parties conceded removeability and Herrera renewed her application, on behalf of herself and her children, for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158 and 1231, and relief under the United Nations Convention Against

---

[1] Herrera and Diego received similar notices.

Torture and other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). A hearing was held in November 2002 before an immigration judge ("IJ").

Herrera was the only witness to testify at the hearing. She testified that as a result of her affiliation with the Colombian Liberal Party, she received telephone threats from the National Libertation Army ("ELN"), an ELN member attempted to kidnap her, armed ELN members broke into her home and demanded to know her whereabouts, and her business associate received letters from the ELN demanding that the business pay a "war tax." Following the hearing, the IJ denied relief, concluding that the asylum application was untimely. The court alternatively denied relief on the ground that Herrera lacked credibility and had not established past persecution on account of a protected ground. Because Herrera had not met the burden for asylum, the IJ concluded that Herrera could not meet the more stringent standards for withholding of removal or CAT relief.

Herrera appealed to the BIA, which affirmed the denial of her asylum application on the grounds that it was not filed within one year of entry, as required by statute, and she had not shown extraordinary circumstances or worsened country conditions to excuse the untimeliness of her application. Additionally, the BIA concluded that Herrera was not entitled to withholding of removal or CAT relief because she failed to make the requisite showing that she or her children would be

tortured or their lives would be threatened if they were returned to Colombia. The BIA did, however, reverse the IJ's adverse credibility finding, but this holding did not impact the disposition of the appeal.

Herrera later moved to reopen the proceedings, alleging ineffective assistance of counsel, but the BIA denied this motion. In 2006, Herrera returned to Colombia, Diego moved to Canada to seek asylum, and Petitioner remained in the United States.

In 2008, Petitioner moved to reopen the asylum proceedings on the grounds that changed circumstances warranted review of the deportation order. Herrera and Diego were not parties to this motion. Specifically, Petitioner alleged that after her mother returned to Colombia, she again began working for the Liberal Party, as well as a religious group that works with Colombian youth. Petitioner alleged that as a result of these affiliations, Herrera was threatened and detained by the Revolutionary Armed Forces of Colombia ("FARC")[2] and her secretary was kidnaped and interrogated about Herrera. Moreover, Petitioner alleged that her changed personal circumstances also warranted reopening of asylum proceedings because in the time since the removal proceedings, she has married a lawful permanent resident and given birth to a child in America.

---

[2] The IJ's decision only discussed the ELN. FARC is another major guerilla group in Colombia. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1229 (11th Cir. 2005).

4

The BIA rejected Petitioner's motion to reopen, concluding that her motion was untimely and that no exception to the time limitation applied. The BIA found that Petitioner had not met her burden of showing changed country conditions, the IJ's initial decision already considered the fear of harm from guerillas, and that the new evidence submitted by Petitioner did not show that she would face harm if returned to Colombia.

This petition for review followed.

## II. Discussion

Petitioner argues that the BIA erred by denying her motion to reopen the asylum proceedings.[3] She concedes that Herrera's initial petition was untimely and that the instant motion to reopen was similarly untimely, as it was submitted to the BIA more than 90 days after the date on which the final administrative decision was rendered. Petitioner argues, however, that her case fits within the exception to the timeliness rule for changed circumstances.[4] Petitioner argues that changes in Colombia's country conditions and in her personal life warrant reopening of her removal proceedings. Moreover, she contends that the IJ only addressed the merits

---

[3] Petitioner only seeks to reopen her asylum proceedings, not the withholding of removal proceedings. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) ("[T]here are no derivative benefits associated with a grant of withholding of removal.").

[4] Petitioner also argues, for the first time on appeal, that she is entitled to humanitarian asylum relief under 8 C.F.R. § 1208.13(b)(1)(iii). We will not consider this argument because it was not raised before the BIA, and therefore has not been properly exhausted. See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003).

of her application in the context of withholding of removal, not with regard to the less onerous standards of an asylum application. Petitioner therefore concludes that the BIA was incorrect that the fear of harm from guerillas had already been considered when the IJ denied asylum to Herrera and her children.

We review the denial of a motion to reopen for an abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining 'whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious.'" Id. (citation omitted). Motions to reopen are especially disfavored in "a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." I.N.S. v. Doherty, 502 U.S. 314, 323 (1992).

Ordinarily, a motion to reopen must be filed within 90 days of the final administrative decision over which review is sought. 8 C.F.R. § 1003.2(c). "[A] motion to reopen must be based on changed country conditions if not filed within 90 days of the BIA's final order." Zhang v. U.S. Att'y Gen., __ F.3d __, 2009 WL 1856787 (11th Cir. June 30, 2009). The alien must produce evidence about the nation to which she is being deported that "was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

6

We conclude that the BIA did not abuse its discretion because Petitioner did not demonstrate changed country conditions, as needed to excuse the untimeliness of her motion to reopen. First, Petitioner's burden to demonstrate changed country conditions cannot be met by a showing of changed personal circumstances. Chen v. U.S. Att'y Gen., 565 F.3d 805, 809 (11th Cir. 2009). Thus, for the purpose of this court's inquiry, Petitioner's marriage and the birth of her child are irrelevant. Second, Petitioner is incorrect that the IJ did not address the merits of her asylum claim. After concluding that Herrera's asylum application was untimely, the IJ nonetheless went on to consider the merits of Herrera's asylum claim. The IJ outlined the requirements for a successful asylum claim, held that Herrera had not demonstrated an entitlement to asylum, and concluded that Herrera therefore would not be able to meet the more stringent standard applicable to withholding of removal claims. Third, the evidence that Petitioner presented to the BIA in her motion to reopen consisted of, at most, allegations of continued persecution of Herrera. Herrera, however, is not a party to this motion. Petitioner has not produced any evidence that she will be personally persecuted if returned to Colombia, nor that any such persecution would be on account of a protected ground. See 8 U.S.C. § 1158(b)(1)(B)(i) (stating that to be entitled to asylum, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for

7

persecuting the applicant").  Moreover, she has not alleged that the threat posed by the ELN or FARC has increased since the time of the initial asylum petition.

We thus conclude that the BIA did not abuse its discretion by denying Petitioner's motion to reopen her asylum proceedings.

**PETITION DENIED.**